**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT LEE BILLIE, | No.   19-55004 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-08751-SK |
| v. | |
| COUNTY OF SANTA BARBARA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Steve Kim, Magistrate Judge, Presiding[**]

Submitted March 3, 2020[***]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Robert Lee Billie appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging constitutional claims arising from his

pretrial detention at Santa Barbara County Jail.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Billie's substantive and procedural due process claims because Billie failed to raise a genuine dispute of material fact as to whether any alleged conditions of his confinement amounted to punishment or were not reasonably related to a legitimate governmental objective. *See Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979) ("Absent a showing of an expressed intent to punish on the part of detention facility officials . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate government objective, it does not, without more, amount to 'punishment.'" (internal citations omitted)); *Mitchell v. Dupnik*, 75 F.3d 517, 523-24 (9th Cir. 1996) (elements for a procedural due process claim in the pretrial detainee context).

The district court properly granted summary judgment on Billie's equal protection claim because Billie failed to raise a triable dispute as to whether he was intentionally treated differently from others similarly situated, and whether there was no rational basis for the different treatment. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of an equal protection "class of one" claim); *Serrano*, 345 F.3d at 1082 (requirements for equal protection claim

19-55004

based on membership in a protected class).

The district court properly granted summary judgment on Billie's municipal liability claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and conspiracy claim, because Billie failed to raise a triable dispute as to whether defendants violated or conspired to violate his constitutional rights. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (a *Monell* claim cannot survive in the absence of an underlying constitutional violation); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (affirming summary judgment where plaintiff failed to state specific facts to support existence of claimed conspiracy to violate constitutional rights under § 1983).

Denial of Billie's motion to modify the scheduling order was not an abuse of discretion because Billie failed to establish "good cause." *See* Fed. R. Civ. P. 16(b)(4) (schedule may be modified only for good cause); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992) (setting forth standard of review and required showing for good cause).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-55004